# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| TANYA M. LOFTON, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 08 C 3180 |
| | ) |
| 18th JUDICIAL CIRCUIT | ) |
| COURT OF DUPAGE [COUNTY] | ) |
| CHRIS KACHIROUBAS, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

On June 2, 2008, *pro se* plaintiff Tonya Lofton filed suit against DuPage County for discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2oooe-5, and 42 U.S.C. § 1981. On February 10, 2009, Lofton filed an amended complaint, naming as defendants the County and Chris Kachiroubas, Clerk of the Eighteenth Judicial Circuit. After the Court expressed the view that the amended complaint did not sufficiently describe what Lofton contended the defendants had done, she filed a second amended complaint on March 25, 2009, naming only Kachiroubas as a defendant. Kachiroubas has moved to dismiss the second amended complaint for failure to state a claim. For the following reasons, the Court grants Kachiroubas's motion in part and denies it in part.

## Facts

Tonya Lofton was employed by Kachiroubas, Clerk of the Eighteenth Judicial Circuit, until October 2005, when she resigned. Lofton filed a complaint with the Equal

Employment Opportunity Commission (EEOC) on August 15, 2005, alleging discrimination on the basis of race involving unequal pay and denial of a promotion. After completing its investigation, the EEOC issued Lofton a notice of right to sue, which she received on March 27, 2006.

Ninety-two days later, on June 27, 2006, Lofton filed suit in this court against the "DuPage Circuit Court." *Lofton v. DuPage Circuit Court*, Case No. 06 C 3477. In that suit, Lofton complained of race discrimination in violation of Title VII and section 1981. Lofton later filed an amended complaint against Kachiroubas and other clerk's office personnel, alleging that she had not been given raises that white workers were given and was denied training opportunities and promotion(s) because of her race. Kachiroubas moved to dismiss, arguing that Lofton had failed to file her Title VII claim within ninety days of her receipt of the right to sue letter. The Court appointed counsel to represent Lofton. On April 5, 2007, Lofton voluntarily dismissed the case without prejudice.

On April 16, 2007, Lofton filed a second complaint with the EEOC, alleging race discrimination and retaliation. Specifically, Lofton complained of harassment and falsification of information in her personnel file. The EEOC eventually issued a notice of right-to-sue, which Lofton received on March 15, 2008.

On June 2, 2008, Lofton filed her current suit. In her second amended complaint, Lofton alleges discrimination in violation of Title VII and section 1981. In that complaint, Lofton alleges discrimination based on her race and color, national origin, and gender. Specifically, she alleges that Kachiroubas:

- failed to promote her;

2

- failed to stop harassment;

- failed to pay her equally to similarly situated coworkers.

- retaliated against her for filing an EEOC charge by putting untrue negative information in her personnel file and failing to put favorable information in the file.

The first three of these points encompass the same claims that Lofton made in her first suit.

Kachiroubas has moved to dismiss each of Lofton's claims. He argues that the discrimination claims that were included in the earlier suit are time-barred and that Lofton's claims made for the first time in this suit fail to state a claim.

**Discussion**

**1.   Title VII claims**

Kachiroubas first argues that Lofton is improperly attempting to assert claims that were dismissed on April 5, 2007 and that those claims are time-barred. Lofton first sued for discrimination relating to unequal pay and promotional opportunities back in 2006. A ninety-day limitations period applies to claims under Title VII. The clock starts to run upon the plaintiff's receipt of a notice of right to sue. *See* 42 U.S.C. § 2000e-5(f)(1). Though this limitation period is subject to equitable tolling, the Title VII claims that Lofton made in her first suit and that she repeats in this suit were likely time-barred when Lofton made them in this Court back in 2006, because she filed them two days after she admitted to having received the EEOC's notice of right to sue. *See Jones v. Madison Servs. Corp.*, 744 F.2d 1309, 1314 (7th Cir. 1984) (affirming summary judgment in favor of the defendant because the plaintiffs filed suit ninety-two days after their attorney received the notice of right to sue).

3

Even if the Title VII claims that Lofton first made in the earlier suit were not time-barred when she first filed them in 2006, they are time-barred now. Kachiroubas argues that under Illinois tolling rules, a plaintiff whose suit is voluntarily dismissed, as Lofton's was, has one year to refile the suit (assuming it was timely to begin with). *See* 735 ILCS 5/13-207. State "savings" statutes like section 13-207, however, do not apply to federal-law claims like those under Title VII that have their own federal statute of limitations. *Beck v. Caterpillar Inc.,* 50 F.3d 405, 407 (7th Cir. 1995).

That, however, does not save the Title VII claims that Lofton first asserted in her earlier suit. Under federal law, unless there is a federal tolling statute that applies, the statute of limitations is not tolled while a case is pending, even if the plaintiff voluntarily dismisses the case. *See Beck,* 50 F.3d at 407; *Adams v. Lever Bros. Co.,* 874 F.2d 393, 395-96 (7th Cir. 1989). In other words, when a plaintiff voluntarily dismisses a suit without prejudice, the statute of limitations continues to run from the date the plaintiff's claim accrued, just as if the suit had never been filed. *Dupuy v. McEwen*, 495 F.3d 807, 810 (7th Cir. 2007). In short, even if the claims Lofton originally made in the 2006 suit were not time-barred when she first filed them, they were undeniably time-barred when she refiled them in the current suit, because far more than ninety days have passed since she received her notice of right to sue.

The only new Title VII claim that Lofton has asserted in the present suit is her claim of retaliation. She alleges that Kachiroubas placed false and negative information in her personnel file. Lofton does not, however, alleged any harm from this alleged conduct. In order for retaliatory conduct to be actionable under Title VII, the plaintiff must suffer some actual harm as a result of the alleged retaliatory acts. *Burlington*

4

*Northern and Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67 (2006) ("the anti-retaliation provision protects an individual not from all retaliation, but from retaliation that produces an injury or harm"). Lofton's complaint fails to allege any such harm. Specifically, she does not allege that anyone other than her former employer has had access to the information that she contends was improperly placed in her personnel file and does not identify any way in which the existence of this information has interfered with her employment prospects. For this reason, Lofton has failed to state a claim for retaliation.

For these reasons, the Court dismisses all of Lofton's Title VII claims.

**2.    Section 1981 claims**

In addition to her Title VII claims, Lofton alleges discrimination on the basis of race, national origin, and color in violation of 42 U.S.C. §1981. Claims under section 1981 do not require a plaintiff to bring charges with the EEOC before filing suit in federal court. *See, e.g., Fane v. Locke Reynolds, LLP*, 480 F.3d 534, 539 (7th Cir. 2007).

Section 1981 claims are governed by a four-year statute of limitations, found in 28 U.S.C. § 1658, if the claims became actionable due to an amendment to section 1981 that Congress enacted in the year 1991. *See Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382 (2004). Prior to 1991, the Supreme Court had interpreted section 1981's statutory right "to make and enforce contracts" not to protect against conduct that occurs after a contract is formed. *See Patterson v. McLean Credit Union*, 491 U.S. 164 (1989). Under the pre-1991 version of section 1981, Lofton's claims of unequal treatment relating to pay raises and promotions would not have stated a claim. *See Jones*, 541 U.S. at 373. In 1991, however, Congress added a new subsection to section 1981 that defined the term "make and enforce contracts" to include the

5

"termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b). Lofton's claims under section 1981 relating to denial of promotions and pay raises arise only under the post-1991 version of the statute. Accordingly, under *Jones*, a four year statute of limitations applies to those claims.

Lofton filed her current suit in July 2008. The Court cannot say, on the present record, that any of her claims accrued more than four years before that date. As a result, the Court declines to dismiss Lofton's race-based section 1981 claims as time-barred. Lofton's gender discrimination claim is not actionable under section 1981. *See Runyon v. McCrary*, 427 U.S. 160 (1976). The Court also notes that Lofton's national origin discrimination claim likely is not actionable under section 1981, *see, e.g., St. Francis College v. Al-Khazraji*, 481 U.S. 604, 613 (1987), but defendant has not raised that issue, and there is no need to address it at this stage of the case.

Retaliation claims are actionable under section 1981. *CBOCS West, Inc. v. Humphries*, 128 S. Ct. 1951 (2008). Lofton has failed to state a claim for retaliation under section 1981, however, for the same reasons that she has failed to state a retaliation claim under Title VII.

## Conclusion

For the reasons stated above, the Court grants defendant's motion to dismiss in part [docket no. 30]. All of plaintiff's claims are dismissed other than her race and national origin discrimination claims under 42 U.S.C. § 1981 relating to unequal pay, denial of training, and denial of promotion. Defendant is directed to answer those claims by no later than August 24, 2009. The case is set for a status hearing on August

31, 2009 at 9:30 a.m. Plaintiff is advised that she must appear in court at that time. If she fails to do so, the Court may dismiss her case for want of prosecution.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: August 10, 2009